IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In the matter of Arbitration Between: § | |
| § | |
| AEGEAN BREEZE SHIPPING CO., § | |
| § | CIVIL ACTION 15-cv-441 |
| MED BREEZE SHIPPING INC., § | |
| § | |
| SEA BLUE SHIPPING INC., § | |
| § | |
| and § | |
| § | |
| SEA BREEZE INTERNATIONAL § | |
| MARITIME CO., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | |
| STX OFFSHORE & SHIPBUILDING CO. § | |
| LTD., f/k/a STX SHIPBUILDING CO. LTD § | |
| § | |
| Defendant. § | |

**AMENDED COMPLAINT FOR ORDER OF
ATTACHMENT IN AID OF ARBITRATION**

Plaintiffs Aegean Breeze Shipping Co. ("Aegean Breeze"), Med Breeze Shipping Inc. ("Med Breeze"), Sea Blue Shipping Inc. ("Sea Blue"), and Sea Breeze International Maritime Co. ("Sea Breeze") allege as follows:

**Nature of the Proceeding**

1. Plaintiffs seek an order of attachment in aid of arbitration, pursuant to Tex. Civ. Prac. & Rem. Code § 172.175(c)(1), against any and all property of Defendant STX Offshore & Shipbuilding Co. Ltd. ("STX") in the hands of STX or any garnishee in this District.

2.     Plaintiffs have commenced arbitration proceedings in London against STX which are being conducted in accordance with the London Maritime Arbitrators Association ("LMAA") Rules (herein, the "London Arbitration").

3.     No previous application has been made to this Court for the relief sought herein. Plaintiffs are seeking an identical provisional remedy – attachment in aid of arbitration – in the United States District Court for the Southern District of New York (Civil Action No. 15-972 (KBF)).  There are no known counterclaims asserted by any party in this proceeding or in the London Arbitration.

4.     This action and the related arbitration arise out of STX's breach of contract with respect to shipbuilding contracts for the building and delivery of four (4) vessels (the M/V INSPIRATION (ex Hull No. S-2078), the M/V INFINITY (ex Hull No. S-4027), the M/V INTUITION (ex Hull No. S-1444), and the M/V INCEPTION (ex Hull No. S-1445)) (collectively, the "Vessels") entered into on August 23, 2007 between Plaintiffs and STX (the "Shipbuilding Contracts").

5.     A series of defects were identified in the Vessels prior to delivery of the M/V INTUITION and M/V INCEPTION to their respective owners (Plaintiffs Sea Breeze and Med Breeze).  After delivery of the M/V INSPIRATION and M/V INFINITY to their respective owners (Plaintiffs Sea Blue and Aegean Breeze), a series of defects were discovered in those vessels as well.

6.     STX was notified of the defects as to the M/V INTUITION and M/V INCEPTION prior to their delivery, at the time of their delivery and after their delivery.

7. STX was notified of the defects as to the M/V INSPIRATION and M/V INFINITY within the one year guarantee period under the Warranty of Quality provisions in the Shipbuilding Contracts.

8. In accordance with the Shipbuilding Contracts, STX was obligated to remedy the defects identified by Plaintiffs.

9. Despite repeated demand, STX has failed and/or refused to remedy the Vessels' defects, as a result of which the Plaintiffs are entitled to damages. In the London Arbitration, Plaintiffs have demanded damages of at least $15,229,668.00, inclusive of costs and interest, as set out below.

10. As further set out below, STX is unlikely to be able to satisfy any final award in the London Arbitration because of its well-publicized weak and weakening financial position.

## Jurisdiction and Venue

11. This Court has jurisdiction over this petition for an order of attachment in aid of arbitration pursuant to 9 U.S.C. § 201 *et seq*.

12. Venue is proper in this county because one or more of the garnishees which has, or may have, property of STX is registered to do business in this District.

## The Parties

13. Aegean Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia. Aegean Breeze is the owner of the vessel M/V INFINITY.

14. Med Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia. Med Breeze is the owner of the vessel M/V INCEPTION.

3

15. Sea Blue is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia.  Sea Blue is the owner of the vessel M/V INSPIRATION.

16. Sea Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia.  Sea Breeze is the owner of the vessel M/V INTUITION.

17. STX is a company incorporated under the laws of South Korea with its principal place of business in South Korea.  STX is a shipbuilding company.

## Factual Background

18. On August 23, 2007, each of the Plaintiffs entered into an identical contract, save for the identity of each buyer and vessel, with STX (the Shipbuilding Contracts) pursuant to which STX agreed to design, build, launch, equip and complete one 80,700 DWT bulk carrier as follows:

| Plaintiff | Vessel | Hull | Price | Delivered |
| --- | --- | --- | --- | --- |
| Aegean Breeze | M/V INFINITY | S-4027 | $53,470,000 | May 27, 2010 |
| Med Breeze | M/V INCEPTION | S-1445 | $53,470,000 | October 27, 2011 |
| Sea Blue | M/V INSPIRATION | S-2078 | $53,470,000 | April 30, 2010 |
| Sea Breeze | M/V INTUITION | S-1444 | $53,470,000 | August 8, 2011 |

19. The Shipbuilding Contracts provided, in part, that the Vessels were to be built in accordance with certain enumerated specifications in compliance with certain rules and regulations of a particular classification society.

20. The Shipbuilding Contracts further provided a twelve-month guarantee, from the date of delivery, for the Vessels against defects due to defective materials, construction miscalculation, and/or poor workmanship.

21. Plaintiffs provided written notice to STX, as required by the Shipbuilding Contracts, of various defects in each of the Vessels as follows:

      a.    With respect to the M/V INFINITY (S-4027), Aegean Breeze provided written notice by way of Guarantee Claim Reports submitted to STX in accordance with the terms of the Shipbuilding Contract on or about April 27, 2011.

      b.    With respect to the M/V INCEPTION (S-1445), Med Breeze provided written notice by way of a Side Letter executed by both Med Breeze and STX on October 27, 2011 (the date of delivery) in which the various defects are listed.

      c.    With respect to the M/V INSPIRATION (S-2078), Sea Blue provided written notice by way of Guarantee Claim Reports submitted to STX in accordance with the terms of the Shipbuilding Contract on or about April 27, 2011.

      d.    With respect to the M/V INTUITION (S-1444), Sea Breeze provided written notice by way of a Side Letter executed by both Sea Breeze and STX on August 8, 2011 (the date of delivery) in which the various defects are listed.

22. Notice was provided to STX in accordance with the terms of the Shipbuilding Contracts and the defects were identified within the twelve-month guarantee window.

23. Pursuant to the Shipbuilding Contracts, STX was contractually obligated to correct any defects identified by Plaintiffs at STX's sole expense by making any necessary repairs or replacements.

24. In violation of its contractual obligations, STX has failed and/or refused to repair and/or replace the defects identified by Plaintiffs in the Vessels, as a result of which the Plaintiffs are entitled to damages.

25. The Shipbuilding Contracts require that any dispute arising thereunder be referred to arbitration in London. Plaintiffs have initiated London arbitration proceedings in accordance with the Shipbuilding Contracts.

26. Plaintiffs are informed and believe that BP Shipping Ltd., Geogas Inc., Royal Dutch Shell, and/or Unigas International have property, monies, and/or assets in which STX has an interest, contingent or otherwise, and/or which are owed to STX.

27. Plaintiffs pray that this Court issue an order attaching these and other assets of STX in order that the award to which Plaintiffs will likely be entitled will be rendered effectual by preventing STX from dissipating the assets required to pay any such award.

## The Underlying Arbitration Proceedings

28. As described above, Plaintiffs and STX agreed to submit all disputes arising out of the Shipbuilding Contracts to arbitration in London.

29. Plaintiffs have each instituted an arbitration proceeding against STX in London pursuant to the terms of the Shipbuilding Contracts, and the parties have exchanged submissions. Attached hereto as Exhibits A through D are true and correct copies of each Plaintiff's Points of Claim in the London Arbitration proceedings.

30. Attached hereto as Exhibits E through H are true and correct copies of the additional submissions in the London Arbitration proceeding brought by Plaintiff Sea Breeze, namely STX's Points of Defense, STX's Appendix to the Point of Defense, Plaintiff's Points of Reply, and Plaintiff's Appendix to Points of Reply. The additional arbitration submissions of

Plaintiffs Aegean Breeze, Med Breeze, and Sea Blue are materially similar, as are the additional arbitration submissions of STX in those proceedings.

31. In the London Arbitration, each Plaintiff has demanded not less than $3,557,417.00 in damages resulting from STX's breach of the Shipbuilding Contracts.

32. In addition, Plaintiffs estimate damages of a further $1,000,000.00 in costs and interest, for total damages (for all Plaintiffs) of $15,229,668.00.

**Plaintiffs Have Grounds For Attachment In Aid of Arbitration**

33. Plaintiffs have a viable cause of action for STX's breach of the Shipbuilding Contracts. The material facts are not in dispute: that each Plaintiff entered into a Shipbuilding Contract with STX; each Vessel contained defects; each Plaintiff provided notice to STX of its Vessel's defects; the Shipbuilding Contracts required STX to make the necessary repairs and/or replacements; and STX failed and/or refused to do so.

34. In the London Arbitration, STX has not denied the existence or terms of the contracts, has not disputed that the Vessels are defective, and has not asserted that Plaintiffs failed to provide timely notice as required by the contracts. STX has not asserted any counterclaims.

35. On or about April 2, 2013, STX began to seek a voluntary restructuring of its debt with creditors.

36. Following the bankruptcy filing of sister-company STX Pan Ocean Co. (which, like STX, is a subsidiary of STX Group) on or about June 9, 2013, STX was subject to an involuntary restructuring plan led by creditors.

37. On or about April 15, 2014, STX was delisted from the Korea Stock Exchange.

38. On or about June 27, 2014, STX (Dalian) Shipbuilding Co Ltd (a Chinese subsidiary of STX) filed for bankruptcy reorganization proceedings. As a result, a significant number of shipbuilding contracts – which had been countersigned by STX – collapsed, leading to legal actions against STX.

39. STX, like its parent (STX Group) and its subsidiary (STX (Dalian) Shipbuilding Co Ltd) is in a precarious financial position.

40. STX Group, and many of its subsidiaries, is currently under investigation by Korean authorities following charges of embezzlement and business malpractice against the former CEO of STX Group. The value of the alleged fraud is US $2.4 billion.

41. For all of the above reasons, any arbitration award granted in Plaintiffs' favor will be rendered ineffectual without an order of attachment.

## Relief Requested

42. Plaintiffs respectfully request an order of attachment in aid of arbitration pursuant to Tex. Civ. Prac. & Rem. Code § 172.175(c)(1).

43. As set forth above, without an order of attachment, any award Plaintiffs obtain in the London Arbitration will be rendered ineffectual given STX's financial position.

44. The affidavit of J. Stephen Simms, filed herewith, confirms that all of the statutory prerequisites to issuance of an order of attachment have been met.

WHEREFORE, Plaintiffs request that this Court enter an order of attachment in aid of arbitration, directing the United States Marshals Service to attach and levy upon all property in which STX has any interest, in the custody of STX, BP Shipping Ltd., Geogas Inc., Royal Dutch Shell, and/or Unigas International, to the extent of $15,229,668.00, and for such other and further

relief as this Court deems just and proper.  Plaintiffs submit herewith a formal Motion for Order of Attachment in Aid of Arbitration, along with a Proposed Order and a Proposed Writ.

Dated: February 18, 2015.

        Respectfully Submitted,

        /s/ J. Stephen Simms
        J. Stephen Simms
        Attorney-in-Charge

        John T. Ward
        Marios J. Monopolis
        Simms Showers LLP
        201 International Circle, Suite 250
        Baltimore, Maryland 21030
        Telephone:     410-783-5795
        Facsimile:      410-510-1789
        jssimms@simmsshowers.com
        jtward@simmsshowers.com
        mjmonopolis@simmsshowers.com

        Attorneys for Plaintiffs Aegean Breeze Shipping Co., Med Breeze Shipping Inc., Sea Blue Shipping Inc., and Sea Breeze International Maritime Co.